```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
SECURITIES AND EXCHANGE COMMISSION,       :
                  Plaintiff,             :
                                         :
             -v-                         :
                                         :
IRWIN BOOCK, STANTON B.J. DEFREITAS,      :    09 Civ. 8261 (DLC)
NICOLETTE D. LOISEL, ROGER L. SHOSS and   :
JASON C. WONG,                           :    MEMORANDUM OPINION
                  Defendants,            :        AND ORDER
                                         :
             and                         :
                                         :
BIRTE BOOCK and 1621533 ONTARIO, INC.,    :
                  Relief Defendants.     :
                                         :
-----------------------------------------X
```

Appearances:

For the Securities and Exchange Commission:
John J. Dempsey
Justin Chretien
Paul W. Kisslinger
100 F Street, N.E.
Washington , DC 20549

For defendant Nicolette Loisel:
Nicolette Loisel, pro se
2100 Tanglewilde St. Unit 711
Houston, TX 77063

For defendant Roger L. Shoss
Roger L. Shoss, pro se
139 Haversham Drive
Houston, TX 77024

DENISE COTE, District Judge:

INTRODUCTION

   Pro se defendants Nicolette Loisel ("Loisel") and Roger L.

Shoss ("Shoss") each bring a motion to stay this civil action

pending the outcome of a criminal prosecution in the Middle District of Florida in which they are indicted defendants.  See United States v. Gunter et al., No. 08 Cr. 172 (M.D. Fla.).  For the following reasons, the motions to stay are granted.

Shoss and Loisel are attorneys.  In September 2009, the SEC filed its complaint in the instant action against Shoss, Loisel, three co-defendants and two relief defendants.  The SEC alleges that Shoss and Loisel were part of a "complex securities fraud ring" that carried out a scheme during the years 2003 to 2007, in which nearly two dozen defunct public corporations were "hijacked."  The scheme included a series of maneuvers to bring void or inactive corporations back into existence, such as changing the corporate names and obtaining new CUSIP numbers and ticker symbols for the corporations.  During the course of the scheme, the conspirators made fraudulent statements to Nasdaq Corporate Data Operations (commonly known as "Nasdaq Reorganization") and the CUSIP Bureau and improperly took advantage of an exception to securities rules regarding disclosures.  The corporations then offered and sold unrestricted and unregistered shares into the market.

The SEC alleges that Loisel drafted fraudulent Transfer Agent Verification forms and submitted deceptive documents to various secretaries of state.  The SEC alleges that Shoss reviewed and directed Loisel's work in the scheme.  Both

defendants are alleged to have drafted opinion letters containing deliberately misleading statements opining that the offerings of the public issuers were exempt under Regulation D, Rule 504 from the registration requirements of Securities Act § 5.

Approximately six months prior to the filing of this action, on March 10, 2009, Shoss and Loisel were indicted in the Middle District of Florida for attempting and conspiring to commit mail fraud.  None of their five co-defendants in the criminal matter is a party to the civil action.  The conspiracy described in the indictment also involves the hijacking of public corporations, although during a period that runs from 2004 to 2008.  Only one of the nearly two dozen issuers upon which the civil action is premised is the subject of the prosecution.  The trial in the criminal matter is scheduled for February 2011.

In a letter dated March 19, 2010, Shoss requested a stay of this civil litigation.  Interpreting the request as a motion for a stay, the Court set a briefing schedule.  The motion became fully submitted on April 23.[1]  Loisel filed her motion for a stay

---

[1] The SEC brought an order to show cause for entry of default judgment against Shoss on March 1, 2010, with a return date of March 26.  Action on that application has been adjourned pending resolution of this motion.

on May 10.[2]  It became fully submitted on May 28.

"[T]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action."  Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (citation omitted).  A stay may be entered to address the interests of a defendant who faces the choice of being prejudiced in the civil litigation if he asserts his Fifth Amendment rights or prejudiced in the criminal litigation if those rights are waived.  United States v. Certain Real Property and Premises Known As: 4003-4005 5th Ave., 55 F.3d 78, 84 & n.6 (2d Cir. 1995).  In deciding whether to enter a stay, courts in this district consider numerous factors, including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

---

[2] Loisel first attempted to file a motion for a stay on April 29, but it was rejected by the Court's Pro Se Office for failure to serve all counsel.  The SEC did receive the April 29 motion.  Loisel succeeded in filing her motion on May 10.

Trs. of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (citation omitted).  See also In re Worldcom, Inc. Sec. Litig., Nos. 02 Civ. 3288 & 02 Civ. 4816 (DLC), 2002 WL 31729501, at *3-4 (S.D.N.Y. 2002).

  Shoss and Loisel have shown that a stay should be entered in this civil action pending the conclusion of the criminal prosecution against them.  There is a sufficient similarity in the civil and criminal cases to create a serious risk of prejudice to the two defendants.  The schemes that underlie the charges in the indictment and the civil complaint are both securities fraud schemes.  In addition, both sets of schemes are premised on the improper hijacking of defunct or dormant companies, share overlapping time frames, and name an identical targeted company.  As a result, testimony from Shoss and Loisel in their defense in the civil action is likely to constitute admissions of criminal conduct in their criminal prosecution. Even where it would not be direct evidence of wrongdoing with respect to the scheme charged in the criminal case, such testimony may be admissible as Fed. R. Evid. 404(b) evidence in any criminal trial.

  While the SEC has an interest in the timely progression of this enforcement action against Shoss and Loisel, the delay of this litigation for approximately a year is warranted by the

5

prejudice Shoss and Loisel have shown they would face were this case to proceed. In the absence of a stay, an adverse inference may very well be drawn against the defendants in this civil action if the pendency of the criminal prosecution prompts them to invoke their Fifth Amendment privilege. See Baxter v. Palmigiano, 425 U.S. 308, 318 (1976).

The SEC argues that the "dilatory conduct" of these defendants should not be rewarded. The defendants waited to bring this motion approximately six months after the civil complaint was filed, and, in Shoss's case, until after the SEC sought entry of a default against him. This delay by sophisticated defendants is difficult to understand, but it is insufficient to prevent entry of a stay.

Finally, the SEC asks that alternative relief, such as a protective order limiting the type of discovery or its use, or in Loisel's case, conditioning discovery on a grant of immunity, be entered instead of a stay of the civil action as to these defendants. The SEC has not explained how these proposals would alleviate the risks faced by the defendants without also interfering with the criminal prosecution. Without a more detailed showing by the SEC, its request for alternative relief must be denied.

6

CONCLUSION

The March 19 and May 10 motions by defendants Shoss and Loisel to stay this action as to them pending the resolution of the criminal proceedings against them, are granted.

SO ORDERED:

Dated:    New York, New York
          June 15, 2010

                                    _____
                                           DENISE COTE
                                    United States District Judge