```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
SECURITIES AND EXCHANGE COMMISSION,       :
               Plaintiff,                :
                                         :
          -v-                            :
                                         :
IRWIN BOOCK, STANTON B.J. DEFREITAS,      :   09 Civ. 8261 (DLC)
NICOLETTE D. LOISEL, ROGER L. SHOSS and   :
JASON C. WONG,                           :      OPINION AND
               Defendants,               :         ORDER
                                         :
          and                            :
                                         :
BIRTE BOOCK and 1621533 ONTARIO, INC.,    :
               Relief Defendants.         :
                                         :
----------------------------------------X
```

Appearances:

For the SEC:
Justin Chretien
Paul W. Kisslinger
John J. Dempsey
100 F Street N.E.
Washington, D.C. 20549

For Nicolette Loisel:
Nicolette Loisel, pro se
2100 Tanglewilde St. Unit 711
Houston, TX 77063

DENISE COTE, District Judge:

Defendant Nicolette Loisel ("Loisel") moves to quash service of process and to dismiss the complaint against her for lack of personal jurisdiction, improper service, improper venue, failing to plead fraud with specificity, and because the

punitive relief sought by the SEC is time barred.  For the reasons stated below, the motion is denied.

Loisel is a corporate attorney residing in Houston, Texas. On September 29, 2009, the Securities and Exchange Commission ("SEC") brought this enforcement action against Loisel and four co-defendants, as well as two relief defendants, for violations of § 10(b) of the Exchange Act and Rule 10(b)(5), and §§ 5(a), 5(c), and 17 of the Securities Act.

The SEC alleges that, starting in late 2003, Loisel took part in a securities fraud scheme whereby the defendants "hijacked," i.e., took over the identities of, defunct public corporations, in part by submitting false documentation to secretaries of state, the Standard & Poor's CUSIP Service Bureau, transfer agents, and Nasdaq Corporate Data Operations (commonly known as "Nasdaq Reorganization").  The SEC alleges that Loisel, along with co-defendants Roger Shoss and Irwin Boock, effected nearly two dozen hijackings between late 2003 and early 2006.  Further detail regarding the allegations against Loisel is contained in an Opinion being issued today to address Loisel's separate motion to stay this litigation pending her criminal prosecution on related securities fraud charges.

A.  Motion to Quash Service and to Dismiss for Improper Service

Loisel has moved to quash service and to dismiss for improper service. Since making that motion, however, Loisel executed a waiver of service. The waiver was filed by the SEC with the Clerk of Court on February 25. The waiver renders this portion of Loisel's motion moot, and Loisel does not contend otherwise.[1]

B.  Personal jurisdiction

Loisel has moved to dismiss the SEC's complaint on the ground that there is no personal jurisdiction over her on these claims. "When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001) (citation omitted). Where a court does not conduct "a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." Id. (citation omitted). The pleadings are construed in the light most favorable to the plaintiff, and all doubts are resolved in its favor. Id.

---

[1] The SEC opposed the motion to dismiss by, inter alia, contending that Loisel's execution of the waiver of service rendered the motion regarding service moot, and Loisel did not file a reply to that argument.

3

The Exchange Act permits the exercise of personal jurisdiction "to the limit of the Due Process Clause of the Fifth Amendment."  S.E.C. v. Unifund SAL, 910 F.2d 1028, 1033 (2d Cir. 1990).  "[U]nder the Fifth Amendment the court can consider the defendant's contacts throughout the United States." Chew v. Dietrich, 143 F.3d 24, 28 n.4 (2d Cir. 1998).

"The due process test for personal jurisdiction has two related components:  the 'minimum contacts inquiry' and the 'reasonableness' inquiry."  Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).  Applying these tests to a statute that permits jurisdiction to be exercised over an individual based on her contacts throughout the United States, the court must first determine whether the defendant has "sufficient contacts" with the United States to justify the court's exercise of personal jurisdiction.  Id.  If such contacts are found, the court may assert personal jurisdiction so long as "it is reasonable [to do so] under the circumstances of the particular case."  Id. at 568.

A defendant satisfies the minimum contacts requirement when his conduct and connection with the United States are such that "he should reasonably anticipate being haled into court there." S.E.C. v. Unifund SAL, 910 F.2d at 1033 (citation omitted).  For a defendant to reasonably anticipate a court having jurisdiction over him, it is essential in each case that there be some act by

4

which the defendant "purposefully avails itself of the privilege of conducting activities" within the United States, thus "invoking the benefits and protections of its laws."  <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985) (quoting <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958)).

As alleged, the entirety of the scheme was directed at the United States:  it was directed against U.S. issuers and misrepresentations were made to U.S. entities, including state governments.  Thus, Loisel had sufficient minimal contacts with the United States in the course of acting to implement this alleged scheme to exercise personal jurisdiction over her.  <u>Chew v. Dietrich</u>, 143 F.3d at 28 n.4.  Similarly, her actions within the United States made it reasonably foreseeable to her that she would be haled into court here for the conduct in which she is alleged to have participated.

Even if it were appropriate to look solely to the contacts between Loisel and this district and her reasonable anticipation of being subject to this lawsuit in this district, her motion would also be denied.  As described below in connection with her transfer motion, Loisel drafted and sent documents critical to the alleged scheme to entities in this district.

C.   Venue

Loisel next contends that venue for this litigation does not properly lie in the Southern District of New York.  The

5

legal standard for a motion to dismiss under Rule 12(b)(3) for improper venue is the same as for a motion to dismiss based on a lack of personal jurisdiction:  "If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of venue."  Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005) (citation omitted).

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, is the venue provision specific to the Exchange Act.  It provides for venue in any district where "any act or transaction constituting the violation occurred" or "wherein the defendant is found or is an inhabitant or transacts business."  28 U.S.C. § 78aa.

Loisel's submission of false information to the CUSIP Bureau in Manhattan is a non-trivial act that helped accomplish the securities law violations alleged by the SEC, and thus venue is appropriate in this district.  These false documents, which were allegedly drafted and sent by Loisel, were part of a scheme to hijack defunct public companies that were quoted on the Pink OTC Market headquartered in Manhattan.  For this independent reason, there is venue for this litigation in this district.

D.   Motion to Transfer

Loisel also seeks a transfer of the case under 28 U.S.C. §§ 1406(a) to the Southern District of Texas, where both she and co-defendant Shoss reside.  Because venue exists for this action in this district, and a transfer is not in the interest of

justice, Loisel's motion under § 1406(a) is denied.[2] See Spar, Inc. v. Information Resources, Inc., 956 F.2d 392, 394 (2d Cir. 1992) (explaining "even if venue is properly laid in a particular district, a § 1406 transfer may be permissible if such a transfer would be in the interest of justice." (citation omitted)).

Loisel has not shown that transferring the action to the Southern District of Texas is in the interest of justice. The plaintiff's choice of forum -- "a decision that is given great weight," D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) -- is New York. The loci of operative facts, taken from the complaint, are a mix of Canada, Texas, and New York (where the Pink OTC Market is located, as well as the CUSIP Bureau).

Loisel principally argues that the large distance from Houston to New York City creates a financial hardship for Loisel, and that the term "hijack" will have particular resonance in New York. Loisel has not shown that her lack of means should trump the plaintiff's choice of forum in this case. She has not submitted an affidavit or any documents, such as tax

---

[2] Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

returns or a financial statement, in support of her claim of penury.

As for her final argument, Loisel accuses the SEC of forum shopping to play off the fears of Manhattan jurors by using the terms "hijack" and "hijacking," presumably to invoke the terrorist attacks of September 11, 2001.  The term "hijack" has long been used in contexts other than terrorism, see, e.g., Cal. Democratic Party v. Jones, 530 U.S. 567, 584 (2000) (hijacking a political party); United States v. Vosburgh, 602 F.3d 512, 524 n.11 (3d Cir. 2010) (hijacking a computer in the context of computer hacking); Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 312 n.5 (3d Cir. 2007) (hijacking a standard-setting organization to increase market power and effectuate anticompetitive effects).  The phrase "hijacked company" appears to be a term of art in financial fraud litigation.  Should this case proceed to a jury trial, Loisel may renew her application with respect to the use of the term "hijacked corporation" to ensure that there is no unfair prejudice to her at trial.

    E.   Failure to Plead Fraud with Specificity

Loisel also argues that the SEC has pleaded fraud against her with insufficient particularity.  Claims of securities fraud under the Exchange Act are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b).  Rule 9(b) states that "[i]n alleging fraud or mistake, a party must

state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Specifically, the Rule requires that a complaint "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir. 2007). Yet "[e]ven with the heightened pleading standard under Rule 9(b) . . . we do not require the pleading of detailed evidentiary matter in securities litigation." In re Scholastic Corp. Securities Litig., 252 F.3d 63, 72 (2d Cir. 2001).

The SEC's complaint amply complies with the heightened pleading requirements for fraud claims. The SEC alleges that Loisel took part in a fraudulent scheme in which her role included making false and fraudulent statements in Transfer Agent Verification forms, in opinion letters, and in documents sent to the CUSIP Bureau and Nasdaq Reorganization. The complaint alleges that she opined, inter alia, that corporations were exempt from registration requirements of the securities laws based on information that she knew to be false, and that she sought to change CUSIP identification numbers and stock tickers in order to pass off private corporations as re-activated public corporations in an effort to allow the sale of unregistered stock. Another example in the complaint of

9

information that Loisel is alleged to have known was false at the time she made representations was the representation in "Rule 504 opinion letters"[3] that all investors of the relevant securities resided in Texas.

While the complaint does not give specific dates for each of the allegedly false representations made by Loisel, it provides the name of each issuer Loisel is implicated in hijacking as well as the dates of incorporation for the newly-incorporated corporations used in the scheme.  This information gives Loisel detailed notice of the charges leveled against her.  The motion to dismiss on this ground is denied.

F.   Statute of Limitations

Finally, Loisel argues that the punitive relief sought by the SEC is time barred as to twelve of the twenty-two issuers, since they were hijacked more than five years ago.  She bases her argument on 28 U.S.C. § 2462, which states:

> Except as otherwise provided by Act of
> Congress, an action, suit or proceeding for
> the enforcement of any civil fine, penalty,
> or forfeiture, pecuniary or otherwise, shall
> not be entertained unless commenced within
> <u>five years</u> from the date when the claim
> first accrued if, within the same period,
> the offender or the property is found within
> the United States in order that proper
> service may be made thereon.

---

[3] Rule 504 refers to 17 C.F.R. § 230.504, which is part of Regulation D, 17 C.F.R. §§ 230.501-508.  Regulation D contains exceptions to the registration requirements under the Securities Act.

Id. (emphasis supplied). The Second Circuit has not determined whether this "catch all" provision applies to civil enforcement actions brought by the SEC, see S.E.C. v. Lorin, 869 F. Supp. 1117, 1121 (S.D.N.Y. 1994), but district courts within this circuit have held that it does. See S.E.C. v. Gabelli, No. 08 Civ. 3868 (DAB), 2010 WL 1253603, at *5 (S.D.N.Y. Mar. 17, 2010); S.E.C. v. Kelly, 663 F. Supp. 2d 276, 286 (S.D.N.Y. 2009).

Because it is undisputed that the SEC's claims with respect to at least ten of the twenty-two hijackings are timely, it is unnecessary to address this issue at this time. Loisel may renew this motion in connection with summary judgment practice or at the time of trial.

CONCLUSION

Loisel's January 27 motion to dismiss is denied.

SO ORDERED:

Dated:   New York, New York
         June 15, 2010

                                   _____
                                            DENISE COTE
                                   United States District Judge

11