```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
SECURITIES AND EXCHANGE COMMISSION,    :
              Plaintiff,               :
                                       :
          -v-                          :
                                       :   09 Civ. 8261 (DLC)
IRWIN BOOCK, STANTON B.J. DEFREITAS,   :
NICOLETTE D. LOISEL, ROGER L. SHOSS and :   OPINION AND ORDER
JASON C. WONG,                         :
              Defendants,              :
                                       :
            and                        :
                                       :
BIRTE BOOCK and 1621533 ONTARIO, INC., :
              Relief Defendants.       :
                                       :
-------------------------------------- X
```

APPEARANCES:

For the plaintiff:
Justin Chretien
Paul W. Kisslinger
United States Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

For defendant Jason C. Wong:
Russell Cornelius Weigel, III
Edward Robert Averbuch
Law Office of Russell C. Weigel, III, P.A.
5775 Blue Lagoon Drive
Suite 100
Miami, FL 33126

DENISE COTE, District Judge:

    The plaintiff, the United States Securities and Exchange Commission ("SEC"), brought this action against five defendants -- Irwin Boock ("Boock"), Stanton B.J. DeFreitas ("DeFreitas"),

1

Nicolette D. Loisel ("Loisel"), Roger L. Shoss ("Shoss") and Jason C. Wong ("Wong") (collectively, the "Defendants") -- alleging a securities fraud scheme whereby these individuals hijacked defunct or inactive corporations (the "Hijacked Corporations"), issued unregistered stock and sold the securities in violation of the antifraud and registration requirements of the federal securities laws (the "Scheme").  The Court has entered a default as to Boock and DeFreitas.  This action is stayed with regard to Loisel and Shoss pending criminal proceedings against them.

On February 25, 2011, the SEC filed a motion for summary judgment as to Wong and Wong filed a cross-motion for partial summary judgment.  These motions were fully submitted on April 6.  On August 25, the Court issued an opinion granting the SEC's summary judgment in part and denying Wong's motion for partial summary judgment (the "Summary Judgment Opinion").  <u>SEC v. Boock, et al.</u>, No. 09 Civ. 8261 (DLC), 2011 WL 3792819 (S.D.N.Y. Aug. 25, 2011)

Wong timely filed this motion for reconsideration of the Summary Judgment Opinion on September 8, 2011.  Familiarity with the facts of this case, as set out in the Summary Judgment Opinion, is assumed.  For the following reasons, the motion for reconsideration is denied.

DISCUSSION

The standard for reconsideration is strict. "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Likewise, a party moving for reconsideration may not "advance new facts, issues, or arguments not previously presented to the Court." Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Wong's motion for reconsideration does not meet this exacting standard. He provides two arguments for reconsideration. First, that this Court overlooked the Supreme Court's recent decision in Janus Capital Group, Inc. v. First Derivative Traders, 131 S. Ct. 2296 (2011), in finding Wong liable for violations of Rule 10b-5. Second, Wong presents a new argument, not asserted in opposition to the SEC's motion for

3

summary judgment nor in support of his motion for partial summary judgment, that there was insufficient evidence that the Hijacked Corporations were indeed hijacked.

I.  The Supreme Court's Janus Capital Decision Does Not Relieve Wong of Liability Under Rule 10b-5.

Wong argues that Janus Capital "has effectively narrowed the scope of liability under Section 10(b) and Rule 10b-5" by limiting the scope for one to be held liable if they are not the party with ultimate authority over a material misstatement or omission.  Indeed, Janus Capital found that

> [f]or purposes of Rule 10b–5, the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it.  Without control, a person or entity can merely suggest what to say, not "make" a statement in its own right.  One who prepares or publishes a statement on behalf of another is not its maker.  And in the ordinary case, attribution within a statement or implicit from surrounding circumstances is strong evidence that a statement was made by -- and only by -- the party to whom it is attributed.  This rule might best be exemplified by the relationship between a speechwriter and a speaker.  Even when a speechwriter drafts a speech, the content is entirely within the control of the person who delivers it.  And it is the speaker who takes credit -- or blame -- for what is ultimately said.

Janus Capital, 131 S. Ct. at 2302.  As a result of this holding, the Supreme Court found that an investment advisor and parent capital group could not be held liable for any misstatements in the prospectuses of the legally distinct fund they owned and administered, as they did not "make" the statements at issue in

4

the case.  Id. at 2304-05.  The investment advisor's assistance in preparing the fund's prospectuses did not change the fact that the fund was in ultimate control of the message.  Id. at 2305.

Wong contends that this Court's finding in the Summary Judgment Opinion that "the fact that the SEC may not have shown that Wong himself made a material misrepresentation or a material omission does not raise a genuine issue of material fact," cannot stand in the face of the principles articulated by Janus Capital.  Wong's argument takes this sentence entirely out of context, and in so doing, pretends that this Court was finding Wong liable secondarily for the misleading statements or omissions of others.  Quite to the contrary, as the Summary Judgment Opinion noted, the SEC had not alleged that any of the Defendants had made material misstatements or omissions in violation of Rule 10b-5, but instead sought to bring claims based on their participation in a fraudulent scheme under the antifraud provisions of the securities laws.  Accordingly, the Summary Judgment Opinion found that Wong "directly participated" in "a device, scheme, or artifice to defraud, or an act, practice, or course of business which operates or would operate as a fraud or deceit, unlawful under Rule 10b–5(a) and (c) and Section 17(a)(1) and (3)."  It went on to note that the lack of evidence of Wong making a material misstatement or omission was

5

of no moment because Wong was a primary actor in "employ[ing a] device, scheme, or artifice to defraud" with scienter in connection with the purchase or sale of securities, which is clearly a violation of the portions of § 10(b), Rule 10b-5, and § 17(a) that impose liability without there having been any misstatement or omission.[1]

II. The SEC Established at Summary Judgment that the Hijacked Companies Were, Indeed, Hijacked.

Wong next raises a new argument that suggests that the Hijacked Corporations were not actually "hijacked," and claims that the SEC has failed to provide sufficient evidence that the participants in the Scheme -- Wong and the other Defendants -- lacked the consent of the Hijacked Corporations' true owners in selling them as shells to the Scheme's clients.  Therefore, Wong asks this Court to reconsider the Summary Judgment Opinion's disposition in favor of the SEC on its § 10(b) and Rule 10b-5 claim.

This argument is entirely new, having not been raised in either Wong's motion for partial summary judgment, which addressed only the SEC's § 5 claim, or in Wong's opposition to

---

[1] Wong also does not explain why Janus Capital, which found that the wording of the relevant statutes did not permit private actors to sue those who may be liable for the misstatements of others in violation of Rule 10b-5, has any bearing on the SEC's capacity to sue secondary violators, which is provided for specifically by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78t(e).

the SEC's motion for summary judgment, which focused instead on the defenses of lack of scienter, and lack of personal involvement in the Scheme. It is therefore not properly raised on a motion for reconsideration. In any event, there is no dispute concerning any of the material facts showing that the Scheme involved taking control of public companies from their rightful owners. Supporting evidence included the testimony of Defendants Boock and DeFreitas admitting the facts of the Scheme and their participation in it, documents filed with state secretaries of state, CUSIP Services and NASDAQ, emails and other communications.

CONCLUSION

Wong's September 8, 2011 motion for reconsideration is denied.

Dated:   New York, New York
         November 9, 2011

/s/ Denise Cote<br>
DENISE COTE<br>
United States District Judge