UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
SECURITIES AND EXCHANGE COMMISSION,     :
                    Plaintiff,          :
                                        :
          -v-                           :
                                        :
IRWIN BOOCK, STANTON B.J. DEFREITAS,    :     09 Civ. 8261 (DLC)
NICOLETTE D. LOISEL, ROGER L. SHOSS and :
JASON C. WONG,                          :     MEMORANDUM OPINION
                    Defendants,         :           AND ORDER
                                        :
          and                           :
                                        :
BIRTE BOOCK, 1621533 ONTARIO, INC., and :
ALENA DUBINSKY,                         :
                    Relief Defendants.  :
                                        :
----------------------------------------X

APPEARANCES:

For the plaintiff:

Paul W. Kisslinger
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549

For relief defendant Alena Dubinsky:

Alena Dubinsky, Pro Se
65 Hunt Ave.
Richmond Hill, ON
L4C4H1

DENISE COTE, District Judge:

     Before the Court is plaintiff Securities and Exchange

Commission's ("SEC") March 1, 2013 motion for judgment on the

pleadings or, in the alternative, for summary judgment as to

relief defendant Alena Dubinsky.  For the following reasons, the SEC's motion is granted.

BACKGROUND

The facts of this case are detailed in two previous Opinions and will not be repeated at length here.  See SEC v. Boock, No. 09 Civ. 8261 (DLC), 2011 WL 3792819 (S.D.N.Y. Aug. 25, 2011) (the "Summary Judgment Opinion"); 2012 WL 3133638 (Aug. 2, 2012) (the "Relief Opinion").  In essence, this case involves a securities fraud scheme in which the five defendants hijacked defunct or inactive corporations, issued unregistered stock, and sold the securities in violation of the antifraud and registration requirements of the federal securities laws.  On March 26, 2010, the Court entered a default as to defendants Boock and DeFreitas.  In the Summary Judgment Opinion of August 25, 2011, the Court granted in part the SEC's summary judgment motion as to Wong, and in the Relief Opinion of August 2, 2012, the Court granted the SEC's motion for judgments as to Boock, DeFreitas, and Wong, imposing injunctions, disgorgement, and civil penalties.  This action is stayed as to Shoss and Loisel pending the outcome of criminal proceedings against them.

On August 30, 2012, the SEC requested permission to amend its complaint to add Dubinsky as a relief defendant.  The Court granted permission in an Order of September 4, and on October

17, the SEC filed its Amended Complaint.  The Amended Complaint alleges that Dubinsky was a nominee of Boock, Wong, and DeFreitas (the "Toronto Defendants") and that she opened brokerage accounts in Toronto that were used to receive and liquidate hundreds of millions of shares in six of the companies at issue.  These shares were issued in Dubinsky's name and transferred into her brokerage accounts before being sold, generating approximately $1,050,000 in proceeds, currently frozen by order of the Ontario Superior Court in two HSBC accounts.[1]  The Amended Complaint alleges that these funds are the illegal proceeds of the Toronto portion of the scheme and are subject to disgorgement.  These facts are to some degree disputed by Dubinsky, as will be explained below.

On November 5, 2012, Dubinsky, acting pro se, filed a one-page "motion in opposition to complaint," which the Court will construe as her answer.  On March 1, 2013, the SEC filed the instant motion for judgment on the pleadings, or in the alternative for summary judgment.  In an Order of March 5, the Court set a briefing schedule, under which Dubinsky was required to file her opposition to the SEC's motion by March 29.  On March 26, Dubinsky filed a "motion to dismiss," and on April 16,

---

[1] The Amended Complaint explains that as of December 31, 2011, approximately $1,016,000 remained in Dubinsky's HSBC account ending in 17J-B, and approximately $46,220 remained in Dubinsky's HSBC account ending in 17J-A.

3

the Court issued an Order indicating that this document would be construed as Dubinsky's opposition to the SEC's motion.  On April 9, the SEC filed its reply, and on April 23, Dubinsky filed a "motion in opposition to plaintiff's motion for summary judgment."

DISCUSSION

District courts may order disgorgement "against a person who is not accused of wrongdoing in a securities enforcement action where that person (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." SEC v. Cavanaugh, 155 F.3d 129, 136 (2d Cir. 1998).  In considering a motion for judgment on the pleadings, a court must accept all allegations in the non-moving party's pleading as true and draw all inferences in the non-moving party's favor.  Miller v. Wolpoff & Abramson, LLP, 321 F.3d 292, 300 (2d Cir. 2003).  On a motion for summary judgment, the court must draw all factual inferences in favor of the non-moving party and may grant summary judgment "only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Id.

Under either standard, it is clear that judgment should be entered for the SEC.  In none of her three filings (her "motion in opposition to complaint," "motion to dismiss," and "motion in

4

opposition to plaintiff's motion for summary judgment") does Dubinsky contest the basic facts necessary to establish the elements of disgorgement.  Rather, Dubinsky insists that she has never met any of the Toronto Defendants and knew nothing about the companies involved in the scheme.  Dubinsky maintains that the shares were given to her by her fiancé, who in turn received them from a business partner in Russia, Oleg Oskov.  In an affidavit submitted by Dubinsky, Oskov explains that he received the shares as payment for real estate he sold to Defreitas. Dubinsky has also submitted several documents in both Russian and English that purport to memorialize the real estate transaction.  The SEC maintains that this real estate transaction never occurred, and was fabricated by Boock.

Regardless of whether Dubinsky's account is true, she does not deny the key facts necessary to find that the assets at issue are subject to disgorgement.  More specifically, Dubinsky admits, both in her answer and in her opposition to the instant motion, that she received the "shares in question" and deposited them into brokerage accounts that she opened for that purpose. Dubinsky also does not argue that she has a "legitimate claim" to the funds, since even by her own account she simply received them from her fiancé without paying any consideration for them. See Cavanaugh, 155 F.3d at 137 (wife had no legitimate claim to shares where she "gave no consideration for [them] and thus

received them as a gift"). Thus, even accepting all allegations in Dubinsky's answer as true, the SEC is still entitled to disgorgement of the approximately $1,050,000 that remains in Dubinsky's brokerage accounts. Looking beyond the pleadings does not change the outcome; as noted, none of the evidence submitted by Dubinsky undermines the conclusion that she received ill-gotten funds and has no legitimate claim to those funds.[2]

CONCLUSION

The SEC's March 1, 2013 motion for judgment on the pleadings, or in the alternative for summary judgment, as to relief defendant Alena Dubinsky is granted.


    SO ORDERED:

Dated:    New York, New York
          September 9, 2013

_____
                DENISE COTE
       United States District Judge

---

[2] Indeed, evidence submitted by the SEC in connection with its motion for judgments against the Toronto Defendants (including bank and brokerage records, share certificates, sworn testimony, and declarations) established that the Toronto Defendants used accounts in Dubinsky's name to sell shares in the hijacked companies. See Relief Opinion, 2012 WL 3133638 at *4.

Copies mailed to:

Alena Dubinsky
65 Hunt Ave.
Richmond Hill, Ontario
L4C 4H1 CANADA

Irwin Boock
500 Hidden Trail
Toronto, Ontario
M2R 3R5  CANADA

Nicolette D. Loisel
2100 Tanglewilde St.
Unit 711
Houston, TX 77063

Roger Shoss
139 Haversham Drive
Houston, TX 77024-6240