UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
SECURITIES AND EXCHANGE COMMISSION,      :
                    Plaintiff,           :
                                         :
          -v-                            :
                                         :
IRWIN BOOCK, STANTON B.J. DEFREITAS,     :        09cv8261 (DLC)
NICOLETTE D. LOISEL, ROGER L. SHOSS and  :
JASON C. WONG,                           :        OPINION AND ORDER
                    Defendants,          :        ACCEPTING REPORT
                                         :        AND RECOMMENDATION
          and                            :
                                         :
BIRTE BOOCK, 1621533 ONTARIO, INC., and  :
ALENA DUBINSKY,                          :
                    Relief Defendants.   :
                                         :
---------------------------------------- X

DENISE COTE, District Judge:

       On October 27, 2014, Magistrate Judge Debra Freeman issued

a report ("Report") recommending that defendant Roger L. Shoss

("Shoss") be permanently enjoined from future violations of

Sections 5 and 17(a) of the Securities Act, Section 10(b) of the

Exchange Act, and Rule 10b-5, and that he be barred from

participating in the offering of penny stocks.  The Report

further recommended that plaintiff Securities and Exchange

Commission ("SEC") be awarded $2,750,000 disgorgement, plus

prejudgement interest, against Shoss and defendant Irwin Boock

("Boock"), jointly and severally.  At that time, however, Judge

Freeman declined to recommend imposing civil monetary penalties

against Shoss and Boock.  In light of a subsequent submission by

the SEC, Magistrate Judge Freeman issued a Supplemental Report and Recommendation ("Supplemental Report") on November 24, 2014, recommending that civil penalties be imposed separately against Shoss and Boock in the amount of $2,860,000 each.  For the following reasons, the Court sees no error in the injunction, penny stock bar, and disgorgement award portions of the Report and no error in the Supplemental Report, and they are accordingly adopted.

BACKGROUND

This case has been before the Court since 2009; previous opinions provide the facts in more detail,[1] as do the Reports adopted here.  For present purposes, a brief overview will suffice.  Boock, the SEC alleges, crafted a plan to "hijack" defunct or moribund publicly-traded corporations by fraudulent means and to offer and sell shares of these reanimated corporations in violation of securities law.  Boock, assisted by defendants Shoss and Nicolette D. Loisel ("Loisel"), hijacked 22 companies in the "Texas Phase" of the case; with defendants Stanton B.J. DeFreitas ("DeFreitas") and Jason C. Wong ("Wong"), he hijacked 23 more in the "Toronto Phase."

---

[1] E.g., SEC v. Boock, No. 09cv8261 (DLC), 2012 WL 3133638 (S.D.N.Y. Aug. 2, 2012); SEC v. Boock, No. 09cv8261 (DLC), 2011 WL 3792819 (S.D.N.Y. Aug. 25, 2011).

The SEC commenced this action on September 29, 2009.  Boock and DeFreitas failed to respond to the complaint, and default judgments -- injunctions against violations of securities law; penny-stock bars; and, for Boock, an officer-or-director bar -- were imposed against them on March 26, 2010.  Their motions to set aside the defaults were denied on June 2, 2011.  This Court subsequently entered summary judgment against Wong on most of the SEC's claims, Boock, 2011 WL 3792819 at *19, *21-23, denied his motion for reconsideration, SEC v. Boock, No. 09cv8261 (DLC), 2011 WL 5417106 (S.D.N.Y. Nov. 9, 2011), and, on August 2, 2012, entered judgment against the three "Toronto Phase" defendants: Boock, DeFreitas, and Wong.  Like Boock and DeFreitas, Wong was enjoined from future securities law violations and barred from participating in penny stock sales; like Boock, he was also barred from serving as a corporate officer or director.  All three were ordered to disgorge jointly and severally the amount of $6,140,172, plus $2,144,462 in prejudgment interest; individual civil penalties -- $2,990,000 against Boock, $1,560,000 against Wong, and $130,000 against DeFreitas -- were imposed as well.  Boock, 2012 WL 3133638 at *2-7.

This Opinion concerns judgment in the Texas Phase of the case -- involving Boock, Shoss, and Loisel -- which was initially subject to a stay pending resolution of a criminal

3

case against Shoss and Loisel in the Middle District of Florida.
On May 22, 2012, Shoss and Loisel were convicted of conspiracy
to commit wire fraud; they were sentenced in August and
September of that year.  Loisel opted to settle with the SEC in
this case, with final judgment -- permanent injunctions, a penny
stock bar, and $91,192 disgorgement plus $52,563 prejudgment
interest -- being entered September 24, 2013.  Shoss exhausted
his appeals and this Court lifted its stay on November 21, 2013,
giving him until January 10, 2014 to answer the SEC's 2009
complaint.  He failed to do so, and default judgment was
consequently entered against him on January 17, 2014.  The case
was referred to Magistrate Judge Freeman for an inquest into
appropriate relief against Shoss and Boock.

On October 27, 2014, Magistrate Judge Freeman issued her
Report recommending that Shoss be permanently enjoined from
future violations of Sections 5 and 17(a) of the Securities Act,
Section 10(b) of the Exchange Act, and Rule 10b-5, and that he
be barred from any participation in the offering of penny
stocks.  The Report further recommended that the SEC be awarded
$2,750,000 disgorgement, plus prejudgement interest, against
Shoss and Boock jointly and severally.  Magistrate Judge Freeman
declined, however, to recommend imposing civil monetary
penalties against Shoss and Boock, citing a lack of specificity

in the SEC's request.  Neither Shoss nor Boock responded in the allotted fourteen days.

In response, on November 6, 2014, the SEC submitted supplemental Proposed Findings of Fact and Conclusions of Law, which provided details substantiating its request for civil penalties.  Neither Shoss nor Boock submitted opposition. Magistrate Judge Freeman issued her Supplemental Report on November 24, 2014, recommending that civil penalties of $2,860,000 be separately imposed against both Shoss and Boock. Neither Shoss nor Boock responded within the allotted fourteen days.

DISCUSSION

When considering a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  If timely objection is made to any of the magistrate judge's findings or recommendations, district courts must make those determinations de novo.  Id.  "To accept . . . a report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Alexis v. Griffin, No. 11cv5010 (DLC), 2014 WL 5324320, at *3 (S.D.N.Y. Oct. 20, 2014).  Because no objections were made to

the Report or the Supplemental Report, they are reviewed for "clear error."  No error is evident in either.

The initial Report cites ample evidence on the record that a permanent injunction and a penny stock bar are both warranted against Shoss.  During the Florida criminal action, Shoss admitted his extensive involvement in the logistics and legal evasions of the hijacking scheme; the experience and skill he exhibited in perpetrating this fraud suggest a likelihood of future securities violations.  See SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1477 (2d Cir. 1996) (injunctive relief is appropriate where "there is a likelihood that, unless enjoined, the violations will continue") (quoting CFTC v. Am. Bd. of Trade, Inc., 803 F.2d 1242, 1250-51 (2d Cir. 1986)).  Moreover, Shoss's conduct over the scheme's lifespan constituted "systematic wrongdoing" and was unmistakably willful, factors that make injunctive relief particularly appropriate in his case.  See id.

For much the same reasons, the Report is right to recommend that Shoss be permanently barred from participating in penny stock trading.  The Report correctly concludes that Shoss's key role in the Texas Phase of the "hijacking" scheme, the willfulness of his conduct, and his personal gain from the scheme warrant imposing a penny stock bar under the factors enumerated in SEC v. Patel, 61 F.3d 137, 141 (2d Cir. 1995).

And there is no clear error in the Report's analysis and recommendation with respect to disgorgement.  Shoss and Boock were both involved in the Texas Phase of the scheme, and they collaborated closely on details and execution.  Joint and several liability is therefore appropriate; as was the case with the Toronto Phase, here "apportionment . . . is difficult or even practically impossible because [the] defendants have engaged in complex and heavily disguised transactions" in an effort to conceal their fraud.  SEC v. Hughes Capital Corp., 124 F.3d 449, 455 (3d Cir. 1997).  The Report also recommends a proper disgorgement award -- using the same calculations previously used by this Court in respect of the Toronto Phase -- and rightly recommends an award of prejudgement interest, as was done there, "to vindicate fully the remedial purposes of the securities laws."  Boock, 2012 WL 3133638 at *6.

Finally, there is no clear error in the Supplemental Report's recommendation that civil penalties be separately imposed on Shoss and Boock pursuant to 15 U.S.C. §§ 77t(d)(2)(C) & 78u(d)(3)(B)(iii).  As the Supplemental Report documents, both Shoss and Boock individually engaged in conduct that manifestly justifies imposing the maximum available penalty.  Shoss, as noted above, was a crucial figure in the Texas Phase, maintaining and profiting from the scheme through a pattern of illegal and deceptive behavior.  As to Boock, this Court

previously determined that his conduct in connection with the
Toronto Phase warranted the maximum civil penalty, see Boock,
2012 WL 3133638 at *6, and the evidence summarized in the
Supplemental Report clearly demonstrates that Boock's conduct in
the Texas Phase was equally egregious.  On the basis of the
SEC's supplemental findings of fact, the Supplemental Report
also properly calculates the amount of civil penalties
consistent with prior such calculations in this case.  See id.


                            CONCLUSION

     The injunction, penny stock bar, and disgorgement award
portions of the October 27, 2014 Report as well as the November
24, 2014 Supplemental Report are adopted.  Shoss is hereby
permanently enjoined from violating Sections 5 and 17(a) of the
Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-
5; he is also permanently barred from any future participation
in the offer or sale of penny stocks.  The Clerk of Court is
instructed to enter a judgment against Boock and Shoss for
$2,750,000, jointly and severally, plus prejudgment interest
calculated from March 20, 2006 at the IRS rate.  The Clerk of
Court is further instructed to enter judgments against Boock and
Shoss in the amount of $2,860,000 each.  Because defendants
failed to file timely objections to Magistrate Judge Freeman's
Reports, they have waived the right to appeal this decision.

                                8

See <u>Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis,</u>

<u>Brittingham, Gladd & Carwile, P.C.,</u> 596 F.3d 84, 92 (2d Cir.

2010).


SO ORDERED:

Dated:    New York, New York
          January 16, 2015

                              _____
                                      DENISE COTE
                         United States District Judge

9

Copies mailed to:

Alena Dubinsky
65 Hunt Ave.
Richmond Hill, Ontario
L4C 4H1 CANADA

Irwin Boock
500 Hidden Trail
Toronto, Ontario
M2R 3R5 CANADA

Nicolette D. Loisel
2100 Tanglewilde St.
Unit 711
Houston, TX 77063

Roger Shoss
139 Haversham Drive
Houston, TX 77024-6240