```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
SECURITIES AND EXCHANGE COMMISSION,       :
                    Plaintiff,            :
                                          :
              -v-                         :
                                          :
IRWIN BOOCK, STANTON B.J. DEFREITAS,      :    09cv8261 (DLC)
NICOLETTE D. LOISEL, ROGER L. SHOSS and   :
JASON C. WONG,                            :    CORRECTED
                    Defendants,           :    OPINION AND ORDER
                                          :    ACCEPTING REPORT
              and                         :    AND RECOMMENDATION
                                          :
BIRTE BOOCK, 1621566 ONTARIO, INC., and   :
ALENA DUBINSKY,                           :
                    Relief Defendants.    :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

On June 30, 2015, Magistrate Judge Debra Freeman issued a report ("Report") recommending that relief defendants Birte Boock ("Boock") and 1621566 Ontario, Inc. (together, "Relief Defendants") be found jointly and severally liable for disgorgement in the amount of $828,184. Boock has objected to the Report. Having considered Boock's objections, the Report is adopted in full.

BACKGROUND

This case has been before the Court since 2009, and previous opinions provide the facts in more detail,[1] as does the Report adopted here. For present purposes, a brief overview will suffice. Defendant Irwin Boock crafted a plan to "hijack" defunct or moribund publicly-traded corporations by fraudulent means and to offer and sell shares of these reanimated corporations in violation of securities law. With the assistance of two other defendants -- Roger L. Shoss ("Shoss") and Nicolette D. Loisel -- he hijacked 22 companies in the "Texas Phase" of the plan. With two other defendants -- Stanton B.J. DeFreitas and Jason C. Wong -- he hijacked 23 more companies in the "Toronto Phase."

The SEC commenced this action on September 29, 2009, naming among others in the Complaint the two Relief Defendants. The SEC alleges that, from August 2004 through September 2006, the Relief Defendants received and distributed $572,000 in proceeds from the Texas Phase of the hijacking plan through Ontario, Inc.'s bank account, which was registered in Boock's name. Boock does not now contest that Shoss transferred $572,000 to that account, but asserts that it was validly exchanged for

---

[1] E.g., SEC v. Boock, No. 09cv8261 (DLC), 2012 WL 3133638 (S.D.N.Y. Aug. 2, 2012); SEC v. Boock, No. 09cv8261 (DLC), 2011 WL 3792819 (S.D.N.Y. Aug. 25, 2011).

shares in Ontario, Inc. and that, moreover, she was unaware that the money was illegally earned.

The Relief Defendants never responded to the Complaint, and the Court accordingly entered a default against them on March 26, 2010. At that time, they were directed to pay "disgorgement of ill-gotten gains" in an amount to be determined by the Court upon motion of the SEC. The matter of disgorgement was referred to Magistrate Judge Freeman for inquest, and the SEC submitted proposed findings of fact and conclusions of law regarding damages on June 21, 2010. While the damages inquest was underway, on October 20, 2010, Boock moved to set aside the default judgment against her. After Boock repeatedly failed to respond to information requests and meet deadlines imposed by the Court, her motion to set aside was denied on June 2, 2011. The Court stated at that time that a schedule for proceedings regarding the amount of Relief Defendants' disgorgement would be set at a future date. Boock moved for reconsideration of the Court's June 2, 2011 Order in May of 2012; the motion was denied that August.

Since then, final judgment has been entered against all of the other defendants in this action, with the most recent judgment -- against Shoss and Irwin Boock for their conduct in the Texas Phase -- entered on January 16, 2015. The Clerk of Court was direct to close this case on January 28. Final

3

judgment, however, had yet to be entered against the Relief Defendants.  Accordingly, on March 9, 2015, the SEC moved for entry of final judgment against the Relief Defendants.  The SEC seeks a total of $828,184, which consists of $572,000 in disgorgement and $256,184 in prejudgment interest.  The motion was referred to Magistrate Judge Freeman for an inquest.

Boock subsequently filed, pro se, two affirmations against the SEC's motion, the first on March 16 and the second on March 20.  Boock's submissions made two arguments: first, that the SEC's motion relies on evidence improperly obtained after the case was closed on January 28; second, that she received the $572,000 in a valid transaction for shares in trust in Ontario, Inc. and that she had no knowledge of the source of the funds.  In support of the latter, she filed a single document which purports to show that a small fraction of the money sent by Shoss was exchanged for shares in Ontario, Inc.  The SEC filed a reply on March 23, and, with leave, Boock filed a reply to the SEC on March 30.

Magistrate Judge Freeman issued her Report on June 30, recommending that the SEC's motion be granted.  Boock filed an objection on July 9, and the SEC responded on July 13.

## DISCUSSION

When considering a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the

4

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). If timely objection is made to any of the magistrate judge's findings or recommendations, district courts must make those determinations de novo. Id. "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Berrian v. City of New York, No. 13cv1719 (DLC), 2014 WL 6604641, at *3 (S.D.N.Y. Nov. 21, 2014) (citation omitted).

Boock timely objected to the Magistrate Judge's Report, raising two objections. Her objections are reviewed de novo. See 28 U.S.C. § 636(b)(1)(C). Neither objection has merit.

Boock's first objection is not to the substance of the inquest, but to any finding of liability against her as a relief defendant in the first instance. She argues that she "never had knowledge of what was the supposed ultimate source of these funds," that there is no evidence "Irwin Boock ever had use of these funds," and that she was not an "active participant in the matter before the Court." This argument fails for two reasons. First, Boock defaulted in this matter over five years ago. Accordingly, her liability is no longer at issue and her arguments on that score are not properly heard. Second, the degree of Boock's involvement or knowledge is irrelevant as a matter of law.

"[D]isgorgement is designed to equitably deprive those who have obtained ill-gotten gains of enrichment," SEC v. Contorinis, 743 F.3d 296, 306-07 (2d Cir. 2014), and therefore courts may order equitable relief against even an innocent party if that party "(1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." Smith v. SEC, 653 F.3d 121, 128 (2d Cir. 2011) (citation omitted). Boock concedes that she received the $572,000.

But Boock also argues that she does, in fact, have a "legitimate claim" to the $572,000. Citing SEC v. Founding Partners Capital Mgmt., 639 F. Supp. 2d 1291, 1294 (M.D. Fla. 2009), she asserts that she cannot be a proper relief defendant because she has an "ownership interest" and "legitimate claim" to that sum. Even if her liability were still at issue -- which it is not, given her default -- Boock has not made an adequate showing of her purported ownership interest or legitimate claim to the $572,000. Her only evidence is an unauthenticated document -- a "Resolution of the Sole Officer and Director of 1621566 Ontario, Inc." (i.e., Birte Boock) -- stating that 38,000 shares of stock were being issued to Shoss in exchange for $38,000. Even assuming the document is authentic, there is compelling evidence to refute her claim: Shoss has directly contradicted it, explaining that all payments to Ontario, Inc.

6

represented Irwin Boock's share of the proceeds, not purchases of shares.

Boock's objections to the Report are therefore denied. Because those objections were general, not directed to any specific portion of the Report, it is necessary to examine the Report only for "clear error on the face of the record." Berrian, 2014 WL 6604641, at *3  No such error is evident. Magistrate Judge Freeman correctly applies controlling law to find that disgorgement is an appropriate remedy in this case, and that the amount the SEC seeks is "a reasonable approximation of [the] profits causally connected" to Irwin Boock's fraudulent schemes. SEC v. Razmilovic, 738 F.3d 14, 31 (2d Cir. 2013), cert. denied, 134 S. Ct. 1564 (2014).  Nor is there clear error in Magistrate Judge Freeman's lucid analysis and conclusion that the SEC's pleadings and proposed findings afforded adequate notice to the Relief Defendants under Federal Rule of Civil Procedure 54(c).  See Silge v. Merz, 510 F.3d 157, 160-61 & n.4 (2d Cir. 2007).

7

CONCLUSION

The Magistrate Judge's Report is adopted in full. This case shall be reopened solely for the purpose of entry of this judgment, and the Clerk of Court shall enter judgment, jointly and severally, against Birte Boock and Ontario, Inc. in the amount of $828,184.

SO ORDERED:

Dated:    New York, New York
          July 31, 2015

                                    _____
                                          DENISE COTE
                                    United States District Judge

8

Copy mailed to:

Birte Boock
500 Hidden Trail
Toronto, ON
M2R 3R8