```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
SECURITIES AND EXCHANGE COMMISSION,:
                                   :
               Plaintiff,          :
                                   :
          -v-                      :
                                   :     09cv8261 (DLC)
IRWIN BOOCK, STANTON B.J.          :
DEFREITAS, NICOLETTE D. LOISEL,    :     MEMORANDUM OPINION
ROGER L. SHOSS, and JASON C. WONG, :         AND ORDER
                                   :
               Defendants,         :
                                   :
          and                      :
                                   :
BIRTE BOOCK, 1621533 ONTARIO, INC.,:
and ALENA DUBINSKY,                :
                                   :
               Relief              :
               Defendants.         :
                                   :
-----------------------------------X
```

DENISE COTE, District Judge:

On February 28, 2019, defendant Irwin Boock ("Boock") and relief defendant Birte Boock ("Ms. Boock"; together, the "Boocks") moved pursuant to Rule 60(b)(6), Fed. R. Civ. P., to void the judgments entered against them in 2012 and 2015. For the following reasons, the motion is denied.

As explained most recently in an Order of January 22, 2019, the Securities and Exchange Commission ("SEC") brought this civil securities fraud case in 2009 against various defendants for hijacking over 40 public shell companies. Neither of the Boocks answered the complaint, and the Court entered default

judgments against them on March 26, 2010.  In October 2010, the Boocks moved to set aside the defaults.  On January 25, 2011, the SEC moved to dismiss the Boocks' motion to set aside default, citing Boock's admission of liability at his January 13, 2011 deposition.  On February 1, 2011, Boock filed an affirmation asserting that, during the deposition, the SEC tricked and coerced him into conceding liability under false pretenses.  In the February 1 affirmation, Boock stated that the SEC's trial counsel "could have had me admitting to murders in countries I had never been to if he so wanted," and claimed that allowing an entry of judgment "would be no different than if the court knowingly allowed an innocent man to executed [sic] for a crime he did not commit."

The Boocks did not answer the complaint and an Order of June 2, 2011 denied the Boocks' motions to vacate the default judgments.  On August 2, 2012, judgment was entered against Boock in the amount of $8,284,634.  On January 26, 2015, judgment in the amount of $4,112,987.79, plus a $2.86 million civil penalty, was entered jointly and severally against Boock and a codefendant.  The judgments against Boock became final in August 2015, when the Court of Appeals dismissed Boock's appeal from the 2012 and 2015 judgments.  Final judgment was entered against Ms. Boock in the amount of $828,184 on July 31, 2015.

On November 8, 2017, the Boocks filed motions pursuant to Rule 60(b)(4), Fed. R. Civ. P., to void the judgments against them on the basis of the Supreme Court's decisions in Kokesh v. SEC, 137 S. Ct. 1635 (2017) and Gabelli v. SEC, 568 U.S. 442 (2013). An Order of January 22, 2018 denied those motions. The Boocks' motions for reconsideration of the January 22 Order were denied on February 21, 2018. On April 1, 2019, the Court of Appeals affirmed the January 22 Order denying the Boocks' motions to void the judgments against them.

The Boocks now move for the second time to void the 2012 and 2015 judgments -- this time pursuant to Rule 60(b)(6). The Boocks principally argue that the judgments are void because the SEC's trial counsel perpetrated a fraud on the court by "suborn[ing] perjured testimony from Irwin Boock on the day of his [January 13, 2011] deposition." The Boocks assert that Ms. Boock's health condition made Boock vulnerable to coercion and that, prior to admitting liability, Boock had told the SEC's trial counsel that he was innocent and thus an admission of liability would require him to "lie under oath." In essence, the Boocks' motion revives the argument Boock made in his February 1, 2011 affirmation.

The Boocks' motion is untimely. Unlike Rules 60(b)(1)-(3), Rule 60(b)(6) does not prohibit a party from bringing a motion more than a year after the entry of judgment in a civil case.

3

See Fed. R. Civ. P. 60(c).  To obtain relief under Rule 60(b)(6), however, a party must demonstrate "extraordinary circumstances" and show that the relief requested "is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."  Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988).  Because Rule 60(b)(6) and Rules 60(b)(1)-(5) are "mutually exclusive," see Stevens v. Miller, 676 F.3d 62, 67-68 (2d Cir. 2012), "a party may not avail himself of the broad 'any other reason' clause of 60(b) if his motion is based on [other] grounds . . . ." Liljeberg, 486 U.S. at 863 n.11 (citation omitted).  "Of particular concern is that parties may attempt to use Rule 60(b)(6) to circumvent the one-year time limitation in other subsections of Rule 60(b)." Stevens, 676 F.3d at 67.

Although the Boocks bring their motion under Rule 60(b)(6), their allegations fall squarely within the circumstances described in Rule 60(b)(3):  "fraud . . . , misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3). As such, it was required to be brought within the one-year time limitation set forth in Rule 60(c), Fed. R. Civ. P.  The Boocks filed this motion nearly four years after final judgment was entered in this case and nine years after Boock's deposition at which the alleged misconduct took place.  It is untimely and must be denied.

Moreover, the Boocks have not asserted any "extraordinary circumstance" to justify this delay.  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) ("To justify relief under subsection (6) [of Rule 60(b)], a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay.")  There can be no claim, for example, that either of the Boocks lacked knowledge of the factual basis for this motion until after the entry of judgment.  Cf. Liljeberg, 486 U.S. at 850.  "Simply put," the Boocks' motion "is nothing more than a late Rule 60(b)[(3)] motion." Stevens v. Miller, 676 F.3d 62, 67-68 (2d Cir. 2012).[1]

The motion must be denied for other reasons as well.  The substance of the Boocks' argument was already considered and rejected in an Opinion of August 25, 2019.  See SEC v. Boock, No. 09cv8261(DLC), 2011 WL 3792819, at *6 n.2 (S.D.N.Y. Aug. 25, 2011).  As explained in that Opinion, the statements in Boock's February 1, 2011 affirmation "all directly contradict his deposition testimony that the SEC had made no promises to him in exchange for his admissions, that he was not under duress, and that his admissions were not related to his or his wife's health conditions."  Id.  The statements were properly disregarded

---

[1] Even if the motion were properly considered under Rule 60(b)(6), it would still be denied because it was not filed "within a reasonable time."  See Fed. R. Civ. P. 60(c).

5

pursuant to Estate of Hamilton v. City of New York, 627 F.3d 50, 54 (2d Cir. 2010) ("It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment."). In any event, the judgments against the Boocks were supported by an abundance of evidence and affirmed by the Court of Appeals. The Boocks will not be permitted to continue to litigate these same issues ad infinitum.

For the foregoing reasons, it is hereby

ORDERED that the Boocks' February 28, 2019 motion to void judgments is denied.

IT IS FURTHER ORDERED that the Boocks may not file any additional motion in this case related to the 2012 and 2015 judgments without prior leave of Court.

SO ORDERED:

Dated:   New York, New York
         May 10, 2019

                              _____
                                       DENISE COTE
                              United States District Judge

```
Copies mailed to:

Irwin Boock
Birte Boock
500 Hidden Trail
Toronto, Ontario
M2R 3R5

Irwin Boock
Birte Boock
P.O. Box 8173 RPO The Concourse
North York, Ontario
M2R 3X1
```